**MICHAEL FAILLACE & ASSOCIATES**
Counsel for Wage Claimants
60 East 42nd Street, Ste. 4510
New York, NY 10017
(212) 317-1200

Hearing Date: April 11th, 2018
Time: 10:00 A.M.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------X
In re:

DAVID P. FELDMAN,

*Defendants.*

---------------------------------------------------------X

WAGE CLAIMANTS' RESPONSE TO DEBTOR'S OMNIBUS OBJECTIONS

Case No. 17-12519-MKV

TO THE HONORABLE MARY KAY VYSKOCIL,
UNITED STATES BANKRUPTCY JUDGE

**WAGE CLAIMANTS' RESPONSE TO DEBTOR FELDMAN'S FIRST OMNIBUS OBJECTIONS**

Claimants Andreas Zamora Ramirez, Bladimir Solis, Dionisio Perez, Efrain Roses, Esteben Herrera, Francisco Rosendo, George Galindo, Jesus Herrera, Jose Sanchez Rojas, Julio Alvarez, Luis Fernando Tlaltepec-Perez, Miguel Cuautle Ocelotl, Raul Saldana and Zeferino Baltazar (herein collectively referred to as "Wage Claimants") by their attorneys at Michael Faillace & Associates submits this response to Debtor David Feldman's omnibus objections to respectfully represent and allege as follows:

**BACKGROUND**

1. Wage Claimants filed an action in the Southern District of New York entitled Villanueva, et al. v. 179 Third Avenue Rest. Inc., et al. Case No. 16-cv-8782 on November 11th, 2016 against, inter alia, Debtor David Feldman alleging violations of the Fair Labor Standards Act and New York Labor Laws. **See** Exhibit A *District Court Complaint*.

2. Debtor Feldman interposed an Answer on January 18th, 2017.

3. After engaging in a period of litigation during which the Wage Claimants and Debtor Feldman participate in a Court mediated settlement conference before Magistrate Judge James Francis, the Wage Claimants filed an amended complaint on September 11th, 2017. **See Exhibit B** *Amended Complaint.* (the Complaint was amended to include several claimants who had already consented to become party plaintiffs under the FLSA).

4. In lieu of answering the amended complaint, Debtor Feldman filed for bankruptcy protection and placed a stay on the District Court action that the Court recognized on September 13th, 2018, just one day after the Wage Claimants obtained amended summons for the amended complaint. **See Exhibit C** *Print Out of the District Court Docket Sheet*.

## FACTUAL BASIS FOR WAGE CLAIMANTS' CLAIMS

5. Each of the claimants worked at restaurants owned and controlled by Debtor Feldman, amongst other named Defendants.

6. Debtor Feldman together with the other Defendants failed to properly pay minimum wages and overtime to the Wage Claimants along with failing to provided statutorily mandated weekly and annual notices to the Wage Claimants, failing to make spread of hours payments and unlawfully withholding tips. See Exhibit A & B.

7. The Complaints attached as Exhibits A and B carefully set for the specific allegations for each Wage Claimant including their term of employ, hours worked and pay received coupled, *inter alia*. **See Exhibit B** pgs. 12-38.

8. The Complaints also set forth the allegations pertaining to how Debtor Feldman is individually liable as one of the people who held operational and direct control over the conditions of the Wage Claimants employment including but not limited to setting

schedules, determining pay, holding the power to hire and fire and other powers over the manner in which Wage Claimants worked and were paid. **See Exhibit B** pgs. 7-12.

### BURDEN OF PROOF IN FLSA AND NYLL CLAIMS

9. There is a recent opinion from the Eastern District that discusses the issues pertaining to Debtor Feldman's objections. The undersigned as taken the liberty of attaching a copy of the memorandum opinion hereto as **Exhibit D** - *Gyalp v. Holbrook Development Corp.*

10. FLSA and NYLL claims for minimum wages and overtimes pay are extremely generous to claimants.

11. Federal law requires employers to "make, keep, and preserve" records concerning the "wages, hours, and other conditions and practices of employment" and authorizes the Department of Labor to issue regulations to enforce these requirements. *See* 29 U.S.C. § 211.

12. Under those regulations, employers are required to maintain payroll records for at least three years, and basic timekeeping and earnings records for at least two years. 29 C.F.R. §§ 516.5(a), 516.6(a).

13. New York law likewise requires employers to keep and maintain detailed payroll records relating to their employees, and such records must be preserved for at least six years.

14. The New York record-keeping law at 12 NYCRR §146-2.1(a) states in relevant part as follows:

> (a)    Every employer shall establish, maintain and preserve for at least six years weekly payroll records which shall show for each employee: (1) name and address; (2) social security number or other employee identification number; (3) occupational classification; (4)

3

the number of hours worked daily and weekly, including the time of arrival and departure for each employee working a split shift or spread of hours exceeding 10; (5) regular and overtime hourly wage rates; (6) the amount of gross wages; (7) deductions from gross wages; (8) the amount of net wages; (9) tip credits, if any, claimed as part of the minimum wage; (10) meal and lodging credits, if any, claimed as part of wages; (11) money paid in cash; and (12) student classification.

*See also* 12 N.Y.C.R.R. §137-2.1 (effective until January 1, 2011).

15. Where an employer fails to keep records or fails to keep adequate records, the Supreme Court in *Anderson v. Mt. Clemens Pottery* Co., 328 U.S. 680, 687-88 (1946), has established a burden-shifting approach.

16. The Supreme Court in *Anderson* stated in relevant part as follows:

> [W]here the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes … we hold that an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court

4

    may then award damages to the employee, even though the result be only approximate.

17. New York law imposes similar burden-shifting where an employer fails to keep the required records. NYLL §196-a.

18. In terms of the Wage Claimants prima facie burden, this burden is minimal and is easily met. Here, they may satisfy this burden solely based on their own recollection. *See Doo Nam Yang v. ACBL Corp.*, 427 F.Supp.2d 327, 335 (S.D.N.Y. 2005).

19. Furthermore, Wage Claimants are in the possession of a limited selection of pay and time records that reinforce their claims and factual allegations. **See** Exhibit E *Selection of Pay Records for Wage Claimants*.

20. The Debtor attempts to undermine the legislature's intention in passing the FLSA and NYLLs by hoping to have his FLSA/NYLL claims treated like contractual claims within the bankruptcy setting so as to avoid the burden shifting set forth by both state and federal law.

21. The Court in <u>Gyalp v. Holbrook Development Corp</u> in analyzing the same issue noted that the bankruptcy standard for evaluating claims in not appropriate for FLSA and NYLL claims:

> "As the Supreme Court has held, the 'basic federal rule in bankruptcy is that state law governs the substance of claims," and, therefore, bankruptcy courts [must] consult state law in determining the validity of most claims.' *Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.,* 549 U.S. 443, 450 (2007) {…}
>
> Given that appellant's claims for unpaid wages arise under the FLSA and NYLL and that the law applicable to those statutes plays such a significant role in the

5

determination of whether he was employed under Section 502(a), the Court concludes that, in evaluating the burden of proof under the Bankruptcy Code on remand, the Bankruptcy Court should consider the rules governing burdens of proof under the FLSA and NYLL."

22. Here, Wage Claimants have more than met their burden in proving the validity of their claims and come to Court having made specific and individualized allegations pertaining to each Claimant through the underlying District Court action.

23. If the Debtor's position on this objection were be implemented, the FLSA and NYLL would be rendered a nullity because all employers would have to do to avoid paying employees back wages would be to file an objection in bankruptcy court.

24. A FLSA/NYLL claim is not proven in a single document or written instrument but rather from an analysis by a finder of fact after hearing testimony and reviewing records, if any.

25. It is on the employer in these kinds of cases to produce documentation, not the employees.

26. Debtor cannot utilize the bankruptcy courts as a tool to subvert the carefully enacted labor law statutes set forth by our federal and state governments.

## DETERMINATION OF THE AMOUNTS OWED

27. The amounts owed to each Wage Claimant is readily calculable under the guidelines set forth by the FLSA and NYLL coupled with the extremely specific allegations set forth in the Complaints.

28. Wage Claimants have attached hereto **Exhibit F** which is an Excel spread sheet reflecting the best case scenario damage analysis starting from the allegations made by each

claimant in the Complaint itemized for each cause of action and each category of damages sought.

29. This calculation had been provided to Debtor Feldman within the District Court action in preparation for a mediation before Judge Francis and also along with the Initial Disclosures.

30. The attached spreadsheet shows Wage Claimants' time periods and number of weeks worked, the hours worked per week, and the applicable regular wage rates. The lawful pay per week is calculated at the applicable regular rate of pay times 40 hours plus the overtime rate multiplied by the number of hours over 40. Wage Claimants' testimony will supply any additional information from which damages may be calculated. *See Reich v. Southern New England Telecommunications Corp.*, 121 F.3d 58, 66 (2d Cir. 1997) (a plaintiff's testimony may supply sufficient information to reasonably infer an award of damages).

31. Many of the wage claimants worked up until their respective restaurant were closed thus entitling them to a limited amount of priority wage claims.

## CONCLUSION

32. Wage Claimants have already filed an Adversary Proceeding against the Debtor challenging the discharge of their wage claims under the so-called 'malicious and willful' theory. And, if the Wage Claimants and the Debtor are not able to arrive at a settlement, it is the intention of the Wage Claimants to file a motion to lift the stay in order to litigate the merits of their claims in the District Court in hopes of avoiding dueling litigation over the same transactions and occurrences.

33. Based on the foregoing, Wage Claimants respectfully request that the relief sought by Debtor Feldman by denied in its entirety along with such other and further relief as this Court deems just and proper.

Dated: April 3rd, 2018

                         MICHAEL FAILLACE & ASSOCIATES

/s/Colin Mulholland, Esq.
Colin Mulholland, Esq., Associate
60 East 42nd Street, Suite 4510
New York, NY 10165
(Tel) 212-317-1200
*Attorneys for Plaintiffs/Claimants*

TO:
Eric Zabicki, Esq.
Doug Pick, Esq.
**Pick & Zabicki LLP**
369 Lexington Ave.
Rm. 1200
New York, NY 10017
*Attorneys for Debtor Feldman*